**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KATAKA NIGEL THOMAS,
ADC #152699                                                                                        PLAINTIFF

v.                                              4:13CV00665-BRW-JTK

JESSICA CHANDLER, et al.                                                              DEFENDANTS

**ORDER**

Plaintiff has now submitted an Amended Complaint (Doc. No. 5), in accordance with the Court's December 4, 2013 Order (Doc. No. 3). Having reviewed the Amended Complaint for screening purposes only,[1] it now appears to the Court that service is appropriate for Defendants Chandler and Pruett. Accordingly,

IT IS, THEREFORE, ORDERED that service is appropriate for the Defendants Jessica Chandler and Chad Pruett. The Clerk of the Court shall prepare summons for the Defendants and the United States Marshal is hereby directed to serve a copy of the Amended Complaint (Doc. No. 5) and summons on Defendants in care of the Faulkner County Detention Center, 500 South German Lane, Conway, AR 72034-7014, without prepayment of fees and costs or security therefore.

Plaintiff's Motion to Appoint Counsel (Doc. No. 4) is DENIED without prejudice.[2]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. Sect. 1915A(a).

[2] While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986). In evaluating Plaintiff's request, the Court in Johnson considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id.. at 1322-23.

IT IS SO ORDERED this 13th day of January, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

Having considered the above factors, the Court finds that Plaintiff's Motion should be denied. Plaintiff's claims are not legally or factually complex and he appears capable at this time of litigating this matter, pro se. Therefore, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.