IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATAKA NIGEL THOMAS,
ADC #152699                                                                            PLAINTIFF

v.                                          4:13-CV-00665-BRW-JTK

JESSICA CHANDLER, *et al.*                                                        DEFENDANTS

## ORDER

On January 6, 2014, United States Magistrate Judge Jerome T. Kearney submitted proposed findings and recommendations and the parties were given 14 days to object.[1] *Pro Se* Plaintiff timely objected,[2] and I have conducted a *de novo* review of the record. For the reasons set out below, I adopt the proposed findings and recommendations except as to Defendant James Spaul.

To the extent Plaintiff's Objection (Doc. No. 8) is also a Motion to Reconsider his Motion to Appoint Counsel,[3] it is DENIED without prejudice.

**I.    PLAINTIFF'S OBJECTION**

    **A.    Count III Conversion Claim Against Defendant David Stone**

In Count III of the Amended Complaint, Plaintiff seeks compensation for $80 of property (food) that he alleges went missing while he was in the "hole."[4] Plaintiff alleges that he surrendered the property to Defendant David Stone, who assured Plaintiff the property would be

---

[1] Doc. No. 6.

[2] Doc. No. 8.

[3] *See* Doc. No. 4.

[4] Doc. No. 5.

kept under lock and key and would be returned once Plaintiff returned from the hole.[5]  When Plaintiff returned, his property was missing and never returned.[6]

Plaintiff objects to dismissal of his property claim because, he "filed all necessary paperwork and worked through various channels to remedy situation, but to no avail."[7] Plaintiff's objection is misplaced -- it's not that Plaintiff missed some technical hurdle, but, as more fully set out below, it's that Federal Courts are courts of limited jurisdiction and this Court lacks jurisdiction over the state-law conversion claim.

In order to support his claim against Defendant David Stone under Section 1983, Plaintiff must allege that while acting under the color of state law, Stone deprived Plaintiff of some right guaranteed by the Federal Constitution.[8]  Plaintiff alleges Defendant Stone deprived him of about $80 of property.[9]  "Property interests do not arise from the [Federal] Constitution, but 'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'"[10]  Thus, Section 1983 does not confer jurisdiction over the state-law conversion claim.

The conversion claim is also beyond the Court's supplemental-jurisdiction reach because supplemental jurisdiction exists only over those claims that arise from a common nucleus of

---

[5] *Id.*

[6] *Id.*

[7] Doc. No. 8.

[8] See e.g., *Griffin-El v. MCI Telecommunications Corp., et al.*, 835 F.Supp. 1114, 1118 (E.D.MO 1993).

[9] Doc. No. 5.

[10] *Roy v. City of Little Rock*, 902 F. Supp. 871, 875 (E.D. Ark. 1995) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).

operative facts as Plaintiff's Section 1983 claims.[11]  Plaintiff's conversion claim involves a party, Defendant Stone, who is not implicated by Plaintiff's Section 1983 claims.  Moreover, the conversion claim shares few, if any, facts in common with Plaintiff's Section 1983 claim.  Accordingly, the Court is without jurisdiction to hear the claim.  If Plaintiff wishes to pursue the claim, he must do so elsewhere (*e.g.*, state court), because Count III and Defendant David Stone are DISMISSED.

Plaintiff may proceed in the prosecution of his Section 1983 claims against Defendants Chandler, Pruett, and Spaul.

The Clerk of the Court is directed to prepare a summons for Defendant James Spaul and the United States Marshal is directed to serve a copy of the Amended Complaint (Doc. No. 5) and summons on Defendant in care of the Faulkner County Detention Center, 500 South German Lane, Conway, Arkansas, 72034-7014, without prepayment or security of fees and costs.

IT IS SO ORDERED this 28th day of January, 2014.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[11] See e.g., *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir.1995).